Reynaldo **TONGOL, et al., Plaintiffs,**

v.

**William J. USERY, Jr., in his capacity as Secretary of the United States Department of Labor, et al., Defendants.**

No. C–76–1002 WHO.

United States District Court,
N.D. California.

March 29, 1983.

Richard Pearl *, California Rural Legal Assistance Co-op. Legal Services Center, San Francisco, Cal., Timothy McCarthy, Marian Johnston, Luis Jaramillo, California Rural Legal Assistance, Salinas, Cal., Richard Paez, Western Center on Law & Poverty, Los Angeles, Cal., Richard Pearl *, William C. McNeill III, Pearl, McNeill, Gillespie & Standish, Oakland, Cal., for plaintiffs.

Joseph Russoniello, U.S. Atty., William T. McGivern, Jr., Asst. U.S. Atty., San Francisco, Cal., for defendant Usery.

John Van DeKamp, Atty. Gen. of Cal., John Klee, Asher Rubin, Deputy Attys. Gen., San Francisco, Cal., for state defendants.

## OPINION

ORRICK, District Judge.

The centerpiece of this seven-year old litigation is not the important question raised by the plaintiffs, decided by this Court, and promptly affirmed by the Court of Appeals, namely, whether a federal regulation is valid that prohibits states from waiving recoupments of overpayments of Federal Supplemental Benefits provided under the Emergency Unemployment Compensation Act of 1974 (the holding is that such a regulation *is* invalid). Rather, the gravamen of the litigation has been and still is whether plaintiffs, who prevailed on the merits, are entitled to attorneys' fees and, if so, whether the federal and/or state defendants should pay them and, if both should pay, how much each should contribute.

For the reasons following, this Court will award attorneys' fees and costs to plaintiffs' counsel for work done involving the

federal defendant from funds made available under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Act"). Plaintiffs' counsel shall submit a certificate for attorneys' fees for consideration by the Court.

### I

The apparently simple question as to whether plaintiffs' counsel are entitled to attorneys' fees and costs for having prevailed in their efforts to have the federal regulation at issue here properly construed has been buffeted about between this Court and six judges of the Court of Appeals and counsel for the parties. Counsel have properly raised new issues citing to new law, resurrected old issues not decided by one or the other panels of the Court of Appeals, and mercifully, have stamped out by stipulation still other issues ordered solved here by the Court of Appeals. As this case doubtless will be presented to yet another Court of Appeals panel (by then ten judges in all, including this luckless district judge, will have ruled several times on the problem), it will be helpful to the new panel if we summarize briefly the tortuous history of this litigation.

In *Tongol I*,[1] this Court found that there was no provision under federal law for the award to plaintiffs of attorneys' fees and costs. The first panel of the Court of Appeals in *Tongol II*[2] *sua sponte* (the issue was never raised in the trial court) held that plaintiffs' counsel were entitled to attorneys' fees from the state pursuant to the Civil Rights Attorney's Fees Award Act of 1976 ("CRAFA"), 42 U.S.C. § 1988, because the plaintiffs under 42 U.S.C. § 1983 had shown there was state action[3]

---

* At some point during the litigation it appears that Mr. Pearl left the CRLA and opened his own practice.

1. Order Granting Plaintiffs' Motion for Summary Judgment, filed January 12, 1977.

2. *Tongol v. Usery*, 601 F.2d 1091 (9th Cir.1979).

3. With respect to the apportionment, plaintiffs and the state defendants have reached an agreement as to the amount of fees reasonably attrib-

utable to the legal work performed in the suit against the state defendants. A stipulation and order filed on August 23, 1982, requires the state defendants, the California Employment Development Department and the California Unemployment Development Department Appeals Board, to pay the sum of $11,724.50 to the Pearl, McNeill, Gillespie & Standish Trust Account.

and the deprivation of a federal statutory right.

This Court then in *Tongol III*[4] on the remand awarded all attorneys' fees against the state. The second panel of the Court of Appeals in *Tongol IV*[5] remanded the case again ordering this Court to determine "what percentage of time and services at trial and on the appeal were attributable to the suit against the state defendants and then to award that percentage of reasonable attorneys' fees against the state." *Id.* at 2. Although the entire question as to whether attorneys' fees should be awarded or not is left by law to the sole discretion of the district court, the Court of Appeals in *Tongol IV* went into great detail as to the procedure to be followed by the district court in exercising its discretion. This Court is grateful that "exercise of discretion" did not have to take place because the parties stipulated that the state defendants owe $11,724.50 to the plaintiffs for attorneys' fees and costs, thus removing this prickly question from the case. As noted above, this Court approves and accepts the stipulated amount as being the amount of fees and costs payable to the plaintiffs by the state defendants.

## II

### A

The sole remaining question in the case is whether the federal defendant is liable for attorneys' fees and costs incurred by the plaintiff in the course of prosecuting the case against the federal defendant.

The Court of Appeals said:

"While it would appear to be the law of the case that the federal defendants are not liable for attorneys' fees, any question of the retroactive application of the federal defendants' liability under the Equal Access to Justice Act should be explored initially in the district court." *Id.*

■ This Court respectfully takes issue with the statement that "it would appear to

be the law of the case that the federal defendants are not liable for attorneys' fees * * *." *Id.* It is a matter of hornbook law that the law of the case doctrine applies only to questions decided in the case, not to omissions or questions not addressed. *Hartford Life Insurance Co. v. Blincoe,* 255 U.S. 129, 136, 41 S.Ct. 276, 278, 65 L.Ed. 549 (1921). The question of the federal defendants' liability for attorneys' fees has yet to be addressed by the Court of Appeals and, hence, it is not and cannot be the law of the case that the federal defendant is not liable for fees. Furthermore, the liability is imposed by a statute that did not exist when *Tongol* was last before the Court of Appeals. So not only was the question of liability under the statute not addressed, it could not have been under present law. This Court thus reaches the question whether the Act may be applied retroactively in this case.

### B

The threshold determination to be made is whether the case was "pending" within the meaning of the Act on October 1, 1981, its effective date. As of that date the only outstanding issue in the case was the question whether plaintiffs could recover attorneys' fees and, if so, from whom. Courts that have considered this problem are divided on the proper interpretation of the word "pending," as it is used in the Act. Some courts hold that the Act applies to cases in which the award of attorneys' fees is the only remaining issue, *Underwood v. Pierce,* 547 F.Supp. 256 (C.D.Cal.1982), to cases in which a party is requesting fees for legal work performed before the effective date of the Act, *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982), and to cases pending on appeal, *United States for Heydt v. Citizens State Bank,* 668 F.2d 444 (8th Cir.1982). Other courts more narrowly interpret the word "pending," observing that waivers of sovereign immunity should be strictly construed. *Commission-*

---

4. Supplemental Judgment filed April 8, 1980.

5. *Tongol v. Usery,* 671 F.2d 504 (9th Cir.1981).

*ers of Highways of the Towns of Annawan v. United States,* 684 F.2d 443 (7th Cir. 1982); *Ethan Allen v. United States,* 547 F.Supp. 357 (N.D.Ill., 1982).

In *Underwood,* the court held the Act analogous to the CRAFA for purposes of interpreting the word "pending." Case law is well settled that cases are still pending for purposes of § 1988 when plaintiffs' entitlement to attorneys' fees is the only remaining issue. *Rainey v. Jackson State College,* 551 F.2d 672 (5th Cir.1977) (following *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)); *Sethy v. Alameda City Water District,* 602 F.2d 894 (9th Cir.1979), *cert. denied,* 444 U.S. 1046, 100 S.Ct. 734, 62 L.Ed.2d 731 (1980).[6] The *Underwood* court was persuaded by the similarity of purposes of CRAFA and the Act in that both statutes were enacted to encourage certain aggrieved individuals to seek redress in the courts.

In *Wolverton, supra,* 533 F.Supp. at 423, the court found that the effective date of the Act (October 1, 1981), provides no barrier to an award of fees for work performed prior to the effective date of the Act, noting that if Congress intended to place restrictions on the meaning of the word "pending" it could have done so. The district court for the District of Columbia also refused to apply the Act only to that part of the case occurring on or after October 1, 1981, finding that a construction consistent with *Bradley* is more consistent with the legislative intent. *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 351 n. 5 (D.D.C. 1982).

Courts which more narrowly construe "pending" decline to follow the *Bradley* construction. In *Annawan,* the Seventh Circuit distinguished between the Act and the attorneys' fees statutes in *Bradley,* noting that the fee statutes in the latter did not involve a waiver of sovereign immunity. Such a stance follows the doctrine of

*United States v. Mitchell,* 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980), that waivers of sovereign immunity should be strictly construed. The court found other reasons for not finding the *Bradley* rationale controlling, namely, that in *Mitchell* the plaintiffs were not vindicating any public policy, nor was there any great disparity between the parties' abilities to protect themselves.

In *Ethan Allen,* the court also concluded that the waiver of sovereign immunity in the Act should not be given retroactive effect, in part because such a waiver would impose a large liability on the federal government.

Given the stated purpose of the Act and the explicit provision that it applies to any action "pending" on October 1, 1981, this Court follows the cases that hold the Act is analogous to CRAFA. As in *Underwood,* these plaintiffs have vindicated an important public policy. Furthermore, there is a disparity between the parties' ability to protect themselves. These policy considerations, incorporated into the Act's legislative history, favor the analogy to CRAFA and the interpretation that "pending" should include an action in which attorneys' fees is the only outstanding issue.

### C

The federal defendant argues that even if the Act is construed to apply to cases pending for purposes of attorneys' fees, it should not apply here because he was no longer a "party" to the action once the fees were awarded against the state and that decision was not appealed as to the federal defendant. Plaintiffs' position is that the Supplemental Judgment awarding fees against the state defendant did not adjudicate all claims in accordance with Federal Rule of Civil Procedure 54(b), leaving the action open for an attorneys' fees claim against the federal defendant. Plaintiffs also argue that the Court may retain juris-

---

6. Section 208 of the Equal Access to Justice Act states as follows:

"This title and the amendments made by this title shall take effect on October 1, 1981, and shall apply to * * * any civil action * * * described in section 2412 of Title 28, United States Code, which is pending on, or commenced on or after, such date."

diction over the federal defendant until complete compliance is documented.

■■■■ Experience shows that in matters of this kind, the Court's control over the parties may extend beyond entry of judgment on the merits. Matters such as compliance reports and attorneys' fees often necessitate continuing judicial supervision. Also, plaintiffs convincingly demonstrate that under the Federal Rules no final judgment concerning fees has been entered with respect to the federal defendant. The federal defendant has failed to pinpoint the date on which he ceased to be a party to this action.[7] Finally, it was the appeal of the fee award by the state defendants that kept this action open, not any dilatory tactics on the part of the plaintiffs. Therefore, this Court finds that the federal defendant is still a party to this ongoing litigation concerning attorneys' fees.

### D

The Act removed the sovereign immunity bar to a fee award against the federal government under existing statutory and common law devices for recovery of fees. The legislative history of the Act states that its purpose is to put federal defendants on an equal footing with private litigants with respect to fee awards and to remove the deterrent effect and disparities created by sovereign immunity to fee awards. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. (1980), reprinted in 1980 U.S.Code Cong. & Ad.News 4984.

By its terms, the Act removed the bar to fee awards against the federal government under the CRAFA. Section 2412(b) provides:

"Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."

CRAFA authorizes the Court, in its discretion, to award attorneys' fees to the prevailing party in an action to enforce a provision of 42 U.S.C. § 1983. 42 U.S.C. § 1988.[8] Plaintiffs contend that, as successful vindicators of a federal statutory right, they are entitled to fees from the federal defendant as well as from the state defendants under this section.

### E

■■■ In *Tongol II* the Court of Appeals held that 42 U.S.C. § 1983 "provides a cause of action to redress deprivations of federal statutory rights of the kind alleged by plaintiffs." Nonetheless, defendant now objects that there is no § 1983 jurisdiction over the federal defendant, citing *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). However, as the Court of Appeals pointed out, jurisdiction in this action is proper under 28 U.S.C. § 1361 (mandamus jurisdiction). *Tongol II, supra,*

---

**7.** The federal defendant cited Rules 59 and 60 in support of its argument that the fee application is untimely. However, these rules speak of amending judgments and obtaining relief from judgments. In *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Supreme Court held that attorney fees awards claims are not amendments to judgments and need not be filed within a certain period of time following judgment on the merits, absent a local rule to the contrary.

**8.** 42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *"

601 F.2d at 1100. Section 1983 provides redress, not jurisdiction. *Id.*

Given that § 1983 provides a cause of action for a deprivation of a federal statutory right, in order to prevail, plaintiff must show (1) that defendant was acting under color of state law, and (2) that such action deprived plaintiff of a right, privilege or immunity secured by the constitution or the laws of the United States. 42 U.S.C. § 1983; *Briley v. California,* 564 F.2d 849, 853 (9th Cir.1977).

■ With respect to the state action requirement, defendant first claims that he, a federal official, cannot be considered a state actor for purposes of § 1983. In cases involving only federal defendants, this is indeed the rule. *E.g., Mack v. Alexander,* 575 F.2d 488 (5th Cir.1978). However, where federal defendants are found to have acted in concert or conspiracy with state officials, courts have held that they could be liable as state actors under § 1983. *Kletschka v. Driver,* 411 F.2d 436 (2d Cir.1969); *Lyons v. Weinberger,* 376 F.Supp. 248 (S.D.N.Y.1974). As the court stated in *Kletschka,* 411 F.2d at 449, "[w]hen the violation is the joint product of the exercise of a State power and of a non-State power then the test under the Fourteenth Amendment and § 1983 is whether the state or its officials played a 'significant' role in the result." *See Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); *Green v. Dumke,* 480 F.2d 624, 629 (9th Cir.1973). The state agency's role here was measured in *Tongol I* and found significant for purposes of § 1983.

The federal defendant claims that he took no part in acting under color of state law in that the states were administering the federal program, and by their compliance with the illegal regulations, caused plaintiffs' deprivation. This argument is unconvincing. The basis of plaintiffs' § 1983 claim is the unlawful recoupment of certain unemployment benefits; the result of a joint exercise of state and federal officials that would not have occurred without the Secretary's regulations overriding states' laws permitting waiver of recoupment.[9] Such an instrumental role in the illegal recoupment of overpaid benefits should qualify the federal defendant as a state actor according to the rationale expressed in *Kletschka.*

■ Finally, § 1983 authorizes an award of fees to a prevailing party in a § 1983 action unless such an award would be unjust. While an application for fees under § 1988 is not governed by the time restraints of Federal Rule of Civil Procedure 59(e), a court may in its discretion deny fees if a post-judgment award would unfairly surprise or prejudice the affected party. *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). The federal defendant has not shown how he would be unfairly surprised or prejudiced by an award.

Finally, there is no evidence to indicate that the federal defendant was "justified" or even "substantially justified" in the position that he took with respect to the regulation. *Cf. Broad Avenue Laundry & Tailoring v. United States,* 693 F.2d 1387 (1st Cir.1982).

### F

■ For the reasons stated above, the Court finds that plaintiffs are entitled to reasonable attorneys' fees from the federal defendant pursuant to the Act and CRFA.[10] Accordingly,

---

**9.** Indeed, in its appellate brief the federal defendant argued that "[a]t most, this should be viewed as a joint action between federal and state officials." Federal defendant's response at pp. 8–9.

**10.** Plaintiffs apply for fees under three alternative theories: the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, the "Common Fund" doctrine, and the Equal Access to Justice Act itself, 28 U.S.C. § 2412(d). Because the Court finds the plaintiffs' eligibility under § 1988 proper and consistent with the similar finding with respect to the state defendants, plaintiffs' entitlement under the other two theories will not be discussed.

IT IS HEREBY ORDERED that plaintiffs' counsel shall submit a certificate for attorneys' fees for all services rendered in this action against the federal defendant, including the fee application, according to the guidelines set out in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). Plaintiffs' certificate shall be filed on or before April 8, 1983.