**UNITED STATES of America and Dennis P. McCarthy, Special Agent, Internal Revenue Service, Plaintiffs-Appellants,**

v.

**James F. FORD, Defendant-Appellee.**

**No. 83-1505.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 1983.

Decided July 20, 1984.

---

William A. Whitledge, Dept. of Justice, Washington, D.C., for plaintiffs-appellants.

Annette Quintana, Goodman, Terry, Stein & Quintana, Las Vegas, Nev., for defendant-appellee.

Before TIMBERS,* KENNEDY, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

The Internal Revenue Service (IRS) petitioned in district court on August 16, 1978, for the enforcement of an IRS summons served upon James F. Ford (Ford). On March 28, 1980, the IRS moved for a voluntary dismissal of the action. After dismissing the petition with prejudice, the district court filed a judgment awarding attorney's

* Hon. William H. Timbers, Senior United States Circuit Judge for the Second Circuit, sitting by

fees and costs to Ford. The IRS appeals this award.

## I.

In 1976, the IRS initiated an income tax audit of Midwest Growers Cooperative, Inc. Finding indications of fraud, the Audit Division referred the case to the Criminal Investigation Division. Thereafter, Revenue Agent Martin D. Lipman, investigating the civil liability of Midwest Growers, teamed with Special Agent Dennis P. McCarthy, investigating the criminal liability. As part of their joint investigation, they issued administrative summonses requiring various persons to give testimony concerning dealings with Midwest Growers. On March 3, 1978, such a summons was served upon James F. Ford, who had business dealings with Midwest Growers. Ford refused to testify, and on August 16, 1978, the IRS filed a petition in district court to enforce the summons. On November 27, 1978, Ford filed a response to the petition, alleging that the summons was issued for a solely criminal purpose, and he moved for prehearing discovery, an evidentiary hearing and attorney's fees.

The district court referred the case to the United States Magistrate for a hearing and recommendation. The magistrate delayed the case pending an appeal by Midwest Growers of the denial of its petition for intervention. The magistrate's report of July 18, 1979, recommended enforcement.

Ford applied for judicial reconsideration of the magistrate's report. In a decision dated October 23, 1979, the district court stated that the investigation appeared to be "primarily a criminal investigation, with ancillary civil aspects," but the evidence raised the possibility that the IRS as an institution was actually only interested in the criminal investigation. The case was remanded to the magistrate with orders that Ford be allowed to conduct discovery for ninety days on the issue of bad faith. Ford filed motions for production of docu-

designation.

ments and judicial hearing of testimony and conducted depositions of IRS employees until March 28, 1980, when the IRS moved to dismiss the summons enforcement proceeding. On May 21, 1980, the district court entered its judgment of dismissal with prejudice. The court did not rule on the issue of bad faith, but did state that it was incomprehensible that the government would ask for dismissal of a meritorious action. The court therefore found the government's dismissal to be vexatious and awarded costs and fees to Ford. The amount of the award was not yet finally determined when the Equal Access to Justice Act (EAJA) became effective. Pub.L. No. 96–481, § 208, 94 Stat. 2325, 2330 (1980) (effective October 1, 1981).

The EAJA allows an award of fees where the government's position is substantially unjustified. The IRS argued before the district court that the EAJA did not apply to these proceedings. Nevertheless, in a response to numerous motions filed by Ford, the IRS pointed out the evidence that demonstrated its justification for bringing the summons enforcement action.

On February 8, 1982, the court issued an order awarding the attorney's fees as taxed by the Clerk and denying interest and supplemental costs. Ford then filed a motion to amend the court's order by including findings of fact, since the EAJA required judicial review of the fees and costs rather than referral to the Clerk of the Court for a bill of costs. The court granted the motion, asked Ford for proposed findings, and adopted those findings in an order dated October 5, 1982. In addition to the fees and costs previously taxed, this order awarded supplemental fees and costs and interest on both awards. The IRS has appealed the final judgment awarding Ford these fees and costs.

## II.

■ The parties now agree that the provisions of the EAJA apply to these proceedings, because they were still pending on October 1, 1981, the effective date of the Act. Courts must apply new laws to pending cases, unless such application would result in manifest injustice or be contrary to statutory direction or legislative history. *Bradley v. School Board of the City of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) (relying on *United States v. The Schooner Peggy*, 5 U.S. 103, 1 Cranch 103, 2 L.Ed. 49 (1801)). There is no indication of manifest injustice here. Furthermore, the Act explicitly states that its provisions apply to civil actions and adversary adjudications pending on October 1, 1981. Pub.L. No. 96–481, § 208, 94 Stat. 2325, 2330 (1980) (codified at 5 U.S.C. § 504 note). The EAJA, therefore, applies to this matter.

■ The denial or award of attorney's fees is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Foster v. Tourtellotte*, 704 F.2d 1109, 1110 (9th Cir.1983); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

## III.

■ Two provisions of section 204(a) of the EAJA, amending section 2412 of Title 28, United States Code, are applicable. Section 2412(d)(1)(A) provides in pertinent part that the court shall award fees, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." Section 2412(b) waives sovereign immunity to permit an award of fees and expenses "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." The common law allows an award against a party who "has acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Foster v. Tourtellotte*, 704 F.2d at 1111 (quoting *F.D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974)).

## A.

■ Whether the position of the United States was substantially justified is determined by a reasonableness test. "Where the Government can show that its case had a reasonable basis both in law and in fact, no award will be made." *Foster v. Tourtellotte*, 704 F.2d at 1112 (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10 *reprinted in* 1980 U.S.Code Cong. & Ad.News 4984, 4989). The district court below requested and adopted Ford's proposed findings of fact and conclusions of law, which stated at finding of fact number 11:

> The position of the Government and the Internal Revenue Service in initiating, prosecuting, and then voluntarily dismissing this action at a time when discovery was virtually complete and shortly before a decision could have been rendered on the merits, was not substantially justified.

Although the adoption of the prevailing party's proposed findings and conclusions "causes this court to scrutinize the record with heightened attention, it is not reversible error if the record supports the findings." *Childs v. Local 18, IBEW*, 719 F.2d 1379, 1384 (9th Cir.1983). Here the court made no reference to any facts in the record that caused it to find that the government's position was unjustified.

■ Under the law in effect at the time the district court ordered hearings to determine whether the government acted in bad faith, the burden of proof was on the prevailing party to show that the government acted in bad faith or that the government's position was frivolous or vexatious. *See, e.g., Klotz v. United States*, 602 F.2d 920, 924 (9th Cir.1979). Under the EAJA, the burden is now on the government to show that its position was substantially justified. *Foster v. Tourtellotte*, 704 F.2d at 1112. Even though the burden was not on the government at the time of the hearings, on the issue of bad faith, the record of the evidence preserved for us on appeal shows that the government did present evidence that its position was substantially justified. The deposition of Martin D. Lipman, Internal Revenue Agent, shows that he was working on the civil tax liability of Midwest Growers throughout these proceedings. There is no indication in the record that the Internal Revenue Service ever decided not to pursue this civil tax liability. An IRS summons will be enforced, so long as it is issued for the legitimate purpose of ascertaining civil tax liabilities, even if the primary purpose of the investigation is criminal. *United States v. Zack*, 521 F.2d 1366, 1367 (9th Cir.1975). The evidence here discloses that the government was conducting both a criminal and a civil investigation. As the evidence does not disclose a solely criminal investigation, the IRS could reasonably issue the summons and petition for its enforcement.

The finding that the government's position in the summons enforcement action was substantially unjustified is clearly erroneous. It was an abuse of discretion to award fees based on this erroneous finding.

## B.

■ Ford's proposed findings, adopted by the court, also stated that the government "acted in bad faith in the institution and conduct of this proceeding." Although the common law allows the recovery of fees against a party who has acted in bad faith, the evidence in the record does not support the finding of bad faith. The record, as preserved on appeal, discloses no evidence of bad faith presented after the district court held that there was a need for discovery on the issue of bad faith. When the district judge first dismissed the government's summons enforcement action, he stated that he did "not deem it appropriate to rule on the issue of whether this action was initiated in bad faith." Nevertheless, he did find that the government acted in a vexatious manner by moving for dismissal of the action at a time when discovery was almost complete and a decision was imminent.

■ Ford argues that had he been allowed to complete discovery he would have been able to show that the government was acting in bad faith. This contention is pure speculation. Furthermore, once the government expressed its belief that fur-

ther attempts to enforce this summons would be pointless, it might well have been vexatious for the government to continue pressing for enforcement. So long as initiation of the action was not vexatious dismissal of an action cannot become vexatious absent a showing of bad faith. As we noted above, the burden is on the prevailing party to show bad faith, and Ford failed to meet this burden. In concluding that the government's position was substantially justified, we necessarily find that Ford failed to demonstrate bad faith. *Foster v. Tourtellotte*, 704 F.2d at 1111. Thus, the finding of bad faith was also clearly erroneous, and the award of fees based on this finding was an abuse of discretion.

We REVERSE.