TRUCKS, INC., a Nebraska corporation, Appellant,

v.

UNITED STATES of America, Appellee.

Leroy HILT and Molly Hilt, Appellants,

v.

UNITED STATES of America, Appellee.

Thomas L. HILT and Katherina Hilt, Appellants,

v.

UNITED STATES of America, Appellee.

Robert P. HILT, Appellant,

v.

UNITED STATES of America, Appellee.

Roger W. NORRIS and Sandra M. Norris, Appellants,

v.

UNITED STATES of America, Appellee.

Allyson L. LINTON, formerly Allyson L. Hilt, Appellant,

v.

UNITED STATES of America, Appellee.

No. 84–2333.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1985.

Decided May 31, 1985.

Michael O. Johanns, Lincoln, Neb., for appellant.

Laurie A. Snyder, Washington, D.C., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Trucks, Inc. and the other plaintiffs-appellants (collectively "Trucks, Inc.") appeal from the judgment of the United States District Court for the District of Nebraska denying their joint application in eleven consolidated cases for attorneys' fees and expenses under two provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(b), (d)(1)(A) (1982).[1] We affirm.

The dispute between Trucks, Inc. and the government began when the Internal Revenue Service audited appellants' 1975 and 1976 tax returns and assessed deficiencies on the ground that the amounts that the appellants had claimed as compensation for managing Trucks, Inc. and a related corporation, Hilt Truck Lines, was unreasonable and excessive, and that appellants significantly understated the value of services appellant Thomas Hilt had provided in managing another related corporation, Hilt Automotive & Trucking. The district court ruled in favor of appellants in their refund action against the IRS, but denied their application under EAJA for attorneys' fees and expenses on the ground that, although the government had not prevailed, "the position of the United States was substantially justified" within the meaning of 28 U.S.C. § 2412(d)(1)(A).

For reversal, appellants first contend that the district court erred in holding that the government's position on the tax issues was substantially justified. To prevail, appellants must show that the district court's ruling was "clearly erroneous." See United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1486 (10th Cir.1984); Foster v. Tourtellotte, 704 F.2d 1109, 1110 (9th Cir.1983); Spencer v. N.L.R.B., 712 F.2d 539, 564–65 (D.C.Cir.1983), cert. denied, — U.S. —, 104 S.Ct. 974, 80 L.Ed.2d 457 (1984). Because the district court's decision on the tax refund issues rested on credibility findings and on comparison of the relative persuasiveness of the substantial showings made by each side, we agree that the district court was in

---

**1.** These provisions state, in pertinent part:
  (b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys * * * to the prevailing party in any civil action brought by or against the United States or any agency * * * in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
      \*    \*    \*    \*    \*    \*
  (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses * * * incurred by that party in any civil action * * * brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
28 U.S.C. § 2412. Section (b) has been superceded with respect to attorneys' fees in tax cases commenced on or after March 1, 1983. See 28 U.S.C. § 2412(e). Section (d)(1)(A) has been repealed effective October 1, 1984, except with respect to cases pending before that date. Equal Access to Justice Act, Pub.L. No. 96–481, Title II, § 204(c), 94 Stat. 2329 (1980). Both section (b) and section (d)(1)(A) remain applicable to the present case.

the best position to assess whether the government's position was "substantially justified." After reviewing the evidence, we cannot agree with appellants that the district court's finding is clearly erroneous.

■ Next, appellants contend that the district court erred in failing to make a specific finding on whether they should be awarded attorneys' fees and expenses under 28 U.S.C. § 2412(b) because the government's conduct before and during the litigation amounted to bad faith. We reject this contention. The district court's finding that the government's position was "substantially justified" implicitly holds that it was not taken in "bad faith," *see Foster*, 704 F.2d at 1111; *United States v. First National Bank of Circle*, 732 F.2d 1444, 1448 (9th Cir.1984); *United States v. Ford*, 737 F.2d 1506, 1510 (9th Cir.1984), and Trucks, Inc. failed to allege any specific instance of other government conduct before or during the course of the litigation which amounted to "bad faith." *See e.g., Ford*, 737 F.2d at 1509.

Similarly, we find no merit in appellants' contention that such evidence might have materialized if the district court had held an evidentiary hearing. *Cf. 2,116 Boxes of Boned Beef*, 726 F.2d at 1489; *Haney v. United States*, 676 F.2d 584 (Ct.Cl.1982).

