UNITED STATES of America and Dennis McCarthy, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

William BUEL, Respondent,

Midwest Growers Cooperative, a corporation, and Marvin Martin, Applicants in Intervention, Appellants.

UNITED STATES of America and Dennis P. McCarthy, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

Patricia CONNER, Respondent,

Midwest Growers Cooperative, a corporation, and Marvin Martin, Applicants in Intervention, Appellants.

UNITED STATES of America and Dennis P. McCarthy, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

BANK OF AMERICA, Lynwood Branch, and Ed Koch, Operations Officer, Respondents,

Midwest Growers Cooperative, a corporation, and Marvin Martin, Applicants in Intervention, Appellants.

UNITED STATES of America, and Dennis P. McCarthy, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

Charles ALLEN, Phyllis Taylor, and John T. Whitaker, Respondents,

Midwest Growers Cooperative, a corporation, and Marvin Martin, Applicants in Intervention, Appellants.

Nos. 81–5546 to 81–5549.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 1985.

Decided July 8, 1985.

Michael L. Paup, Chief, Thomas Preston, Charles E. Brookhart, Dept. of Justice, Washington, D.C., for petitioners-appellees.

E.O.C. Ord, Kevin W. Finck, Law Offices of E.O.C. Ord, San Francisco, Cal., for appellants.

Before SCHROEDER, FLETCHER, and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

OVERVIEW

Midwest Growers Cooperative Corporation and Marvin Martin, an officer of Midwest, moved to intervene and requested an award of attorney's fees in four IRS summons enforcement actions that arose from an IRS investigation of Midwest. The district court granted Midwest's motion to intervene under 26 U.S.C. § 7609 in one of the actions (*United States v. Bank of America,* No. 81-5548), but denied all other

**1.** The part of subsection 204(a) of the Equal Access to Justice Act that was codified at 28 U.S.C. § 2412(d) expired under the provisions of the Act on October 1, 1984 but continues to

motions to intervene and granted the government's motions for voluntary dismissal without prejudice in all four cases. The court denied the request of Midwest and Martin for attorney's fees because they were not "prevailing parties" as required by the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988, and because there were no indications that the government brought the actions in bad faith. Midwest and Martin appeal the denial of their request for attorney's fees. All parties agree that the attorney's fees issue now is governed by the Equal Access to Justice Act, 28 U.S.C. § 2412.[1] *See United States v. Ford,* 737 F.2d 1506, 1508 (9th Cir.1984) (*Ford II* ).

STANDARD OF REVIEW

We review the district court's denial of the motion for attorney's fees under the abuse of discretion standard. *Beach v. Smith,* 743 F.2d 1303, 1306 (9th Cir.1984).

DISCUSSION

*Buel, Conner, and Allen Actions*

■ The Equal Access to Justice Act provides that where certain conditions are satisfied, "a court shall award [attorney's fees] to a prevailing party other than the United States ... in any civil action ... brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A) (expired October 1, 1984 but continues to apply through final disposition of any action commenced before that date). We have held that "we cannot distinguish [the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988,] from the Equal Access to Justice Act for the purposes of defining "prevailing party." *NLRB v. Doral Building Services, Inc.,* 680 F.2d 647, 647 (9th Cir.1982) (citing H.R. Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4953, 4984, 4990 (interpretation of the term "prevailing party" as used in the EAJA should be consistent with the law developed under existing statutes)). *See*

apply "through final disposition of any action commenced before the date of repeal." Pub.L. No. 96-481, § 204(b), 94 Stat. 2325, 2329 (1980).

*also McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983). Our interpretation of that term as used in § 1988 in a related summons enforcement action, *United States v. Ford,* 650 F.2d 1141 (9th Cir.1981) *(Ford I),* cert. denied, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982), precludes an award of attorney's fees to Martin in any of the summons enforcement actions and to Midwest in all but the *Bank of America* case in which the district court granted its motion to intervene.

In *Ford I,* Midwest and Martin moved to intervene in a summons enforcement action arising out of the same IRS investigation that gave rise to the instant appeals. After the district court found sufficient evidence of "bad faith" or "improper purpose" on the part of the IRS to grant the summonee discovery on those issues, the government filed a motion for voluntary dismissal of its petition without prejudice. The court granted the motion to dismiss but did so with prejudice, and, finding the government's dismissal of the suit "vexatious," awarded the summonee attorney's fees and costs under § 1988.

Midwest and Martin appealed from the denial of their motion to intervene. They contended that the appeal was not moot because mootness would deprive them of the opportunity to seek attorney's fees. They also argued, as they do in the instant case, that in order to determine whether or not they were "prevailing parties" under § 1988, we had to address the merits of their motions to intervene. We disagreed and dismissed the appeals as moot because the underlying action had been dismissed, leaving "no proceeding in which [Midwest and Martin could] intervene." *Id.* at 1143. Treating the arguments of Midwest and Martin against mootness as a request for attorney's fees, we denied the request, holding that Midwest and Martin were not "prevailing parties" under § 1988 because they "were never parties to the enforcement action, and since they lost their motion, they never prevailed as required by § 1988." *Id.* at 1144. With the exception of Midwest in the *Bank of America* case, the appellants are in precisely the same

situation in the instant actions. Under *Doral Building Services,* 680 F.2d at 647, they are not "prevailing parties" under the EAJA and therefore are not entitled to attorney's fees.

### Bank of America Action

On August 22, 1978, the district court ordered the hearing on the order to show cause in the *Bank of America* case to go off calendar and stated that it would be reset by the court at some date after the court decided a related civil suppression action that raised similar issues. Although the court decided the civil suppression action on November 7, 1979, it took no action in the summons enforcement proceedings until February 11, 1981, when it ordered the parties to file a joint status report by March 3, 1981 and to attend a status conference on March 9. The joint status report stated that because the IRS had transferred the Midwest matter to the Justice Department, the government would be requesting an order dismissing the action under Fed.R.Civ.P. 41(a)(2). At the status conference, the court ordered the government to file its motions to dismiss by March 16. The government complied, stating in its memorandum in support of the motion that

> [o]n September 5, 1980, District Counsel of the Internal Revenue Service recommended that the tax liability of Midwest Growers, Inc. be transferred to the Department of Justice for criminal prosecution. The criminal prosecution matter currently is being presented to the Grand Jury by the Los Angeles United States Attorney's office.

■ Under the EAJA, a prevailing party is not entitled to attorney's fees if "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government's position is "substantially justified" if it "has a reasonable basis both in law and in fact." *Timms v. United States,* 742 F.2d 489, 492 (9th Cir.1984). We consider both "the underlying agency action [and] the legal position of the United States during litigation" in analyzing the

substantial justification issue. *Id. See also Hoang Ha v. Schweiker,* 707 F.2d 1104, 1105–06 (9th Cir.1983). "The government bears the burden of proving its position was substantially justified." *Timms,* 742 F.2d at 492.

■ We need not decide whether or not Midwest was a prevailing party in the *Bank of America* case because the government has carried its burden of proving that its position was substantially justified. Nothing in the record suggests that the IRS abandoned the civil aspect of its investigation of Midwest before the district court took the case off calendar on August 22, 1978. The government immediately moved for dismissal after the court reinstated the case to its calendar. In a related summons enforcement action in which the government moved for voluntary dismissal on March 28, 1980, we held that the position of the United States in issuing and seeking to enforce the summons was substantially justified because the affidavit of an IRS agent showed that the investigation of Midwest's civil tax liability continued throughout the pendency of the enforcement action. *Ford II,* 737 F.2d at 1509–10. Midwest has pointed to no evidence in the record that was not presented to the *Ford II* court that indicates that the IRS had abandoned "the legitimate purpose of ascertaining civil tax liabilities" before August 22, 1978. *Id.* at 1509. Nor does it contend that the government could have moved to dismiss the *Bank of America* case before it referred the Midwest matter to the Justice Department for criminal prosecution. Because the government had a valid civil investigative purpose until the case was removed from the district court's calendar and moved for dismissal of the action at the earliest opportunity after it referred the Midwest matter to the Justice Department, its position was "substantially justified" within the meaning of the EAJA. Midwest therefore is not entitled to an award of attorney's fees in the *Bank of America* case.

AFFIRMED.