**UNITED STATES of America,**
**Plaintiff,**

v.

· **CITY OF LOS ANGELES, CALIFORNIA, Defendant—Appellant,**

v.

**David Alexander, Intervenor,**

and

**Richard Hurst and Shawn Phillips, Applicants in Intervention— Appellees.**

No. 02–57097.

D.C. No. CV–72–01806–HLH(2).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Dec. 3, 2003.

————

Robert S. Libman, GOV, Department of Justice, Washington, DC, for Plaintiff.

Patrick J. Manshardt, Law Offices of Manuel S. Klausner, P.C., Los Angeles, CA, for Intervenor.

Vivienne A. Swanigan, Deputy City Attorney, Los Angeles, CA, for Defendant–Appellant.

Manuel S. Klausner, Law Offices of Manuel S. Klausner, P.C., Los Angeles, CA, for Applicant in Intervention–Appellee.

Before PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

The City of Los Angeles appeals an attorneys' fee award under California Code of Civil Procedure § 1021.5 to Richard Hurst and Shawn Phillips, job applicants who sought to challenge the legality of a 1974 consent decree governing the hiring practices of the Los Angeles Fire Department. After Hurst and Phillips filed motions to intervene in September of 2001, the district court stayed consideration of their motions pending review of the consent decree by the original parties to the suit, the United States and City of Los Angeles. The original parties subsequently moved to dissolve the consent decree. The district court vacated the consent decree and denied the motions to intervene as moot. Hurst and Phillips then successfully applied for attorneys' fees under a catalyst theory. We now reverse and vacate the order granting attorneys' fees.

Section 1021.5 authorizes a court to "award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest." Cal.Code Civ. Proc. § 1021.5. The City argues that because Hurst and Phillips were never granted permission to intervene, they were never "part[ies]" within the meaning of the stat-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ute and thus are ineligible for a fee award. We agree.

The California Supreme Court has noted in the course of discussing another statutory provision that a common meaning of the word "party" is "the specific person or entity by or against whom legal proceedings are brought." *Levy v. Superior Court of Los Angeles County,* 10 Cal.4th 578, 583, 41 Cal.Rptr.2d 878, 896 P.2d 171 (Cal.1995) (citing Black's Law Dict. (5th ed.1979)). Here, Hurst and Phillips sought permission to bring legal proceedings against the original parties, but were never granted that permission. As unsuccessful applicants in intervention, they were never able effectively to bring legal proceedings against the United States and City of Los Angeles. Like amici curiae, they were never accorded the formal status of parties in the action and are therefore not eligible to recover fees. *Cf. Miller–Wohl Co. v. Comm'r of Labor & Indus.,* 694 F.2d 203, 204–05 (9th Cir.1982) (amici curiae are not parties to the litigation and are not entitled to attorneys' fees); Richard M. Pearl, California Attorney Fee Awards (2d ed.2002), § 2.9 (same).

Our conclusion is informed by the decisions of courts in this circuit holding that individuals whose motions to intervene have been denied are not "parties" within the meaning of the federal fee-shifting statutes.[1] In *United States v. Ford,* 650 F.2d 1141 (9th Cir.1981), unsuccessful applicants in intervention appealed from the denial of their motion to intervene and sought attorneys' fees under 42 U.S.C. § 1988. The court held that because the underlying proceeding had concluded, the appeal from the denial of the motion to intervene was moot as there was no proceeding in which to intervene. *See id.,* at 1143. As to the issue of attorneys' fees, the court held that " § 1988 is not meant to reimburse volunteers for expenses incurred in aiding named parties or those who actively, but unsuccessfully, seek to become parties, for expenses incurred in their attempts to become parties." *Id.* at 1144. Because the applicants in intervention were never parties to the action, they were not entitled to attorneys' fees. *See also United States v. Buel,* 765 F.2d 766 (9th Cir.1985) (concluding that appellants who had lost their motion to intervene were not "prevailing parties" under the Equal Access to Justice Act because they were never parties to the action, citing *Ford*); *cf. Miller–Wohl Co.,* 694 F.2d at 204 ("Courts have rarely given party prerogatives to those not formal parties. A petition to intervene and its express or tacit grant are prerequisites to this treatment."). These cases underscore that under the circumstances of this case Hurst and Phillips were not "parties" within the ordinary meaning of the term.

Hurst and Phillips urge, however, that the word "party" encompasses the term "litigant," as reflected in the interchangeable use of the two terms by the California courts, *see, e.g., Maria P. v. Riles,* 43

---

1. Although federal case law is not controlling authority, the California courts often look to federal law as persuasive authority in attorneys' fee cases. *See, e.g., Westside Community for Independent Living, Inc. v. Obledo,* 33 Cal.3d 348, 188 Cal.Rptr. 873, 657 P.2d 365, 367 n. 5 (1983) (noting that because the California state legislature relied heavily on federal precedent when enacting § 1021.5, California courts often rely upon federal decisions when interpreting the state statute). In particular, California courts have followed federal cases with regard to the treatment of intervenors for attorneys' fee purposes. *See, e.g., Crawford v. Bd. of Educ. of the City of Los Angeles,* 200 Cal.App.3d 1397, 246 Cal.Rptr. 806, 813 (1988) (concluding that intervenors are eligible to recover fees if they make "a clear showing of some unique contribution to the litigation," and citing, *inter alia, Seattle School Dist. No. 1 v. State of Washington,* 633 F.2d 1338 (9th Cir.1980)).

Cal.3d 1281, 1289–90, 240 Cal.Rptr. 872, 743 P.2d 932 (Cal.1987), and that because they are "litigants," they are eligible for fees. The use by California courts of the term "litigant" when generally discussing § 1021.5 cannot vary the language of the statute itself, which refers to a "successful party," not a "successful litigant." Further, it is not clear that the term "litigant" *is* any broader than the term "party." *See* Black's Law Dictionary 756 (7th ed.2000) (defining "litigant" as "a party to a lawsuit.").

Because as unsuccessful applicants in intervention Hurst and Phillips were never "part[ies] . . . in any action," Cal.Code Civ. Proc. § 1021.5, we conclude that the district court abused its discretion in awarding them § 1021.5 fees. We therefore REVERSE and VACATE the district court's order of attorneys' fees.