ALLAPATTAH COMMUNITY ASSOCIATION, INC. et al., Plaintiffs,

v.

Moon LANDRIEU, Defendant.

No. 80–1705–CIV–EPS.

United States District Court,
S. D. Florida.

Dec. 2, 1980.

Gelb & Spatz, Miami, Fla., for plaintiffs.

Clark D. Mervis, Asst. U. S. Atty., Miami, Fla., for defendant.

## ORDER OF DISMISSAL

SPELLMAN, District Judge.

THIS CAUSE came before the Court on Defendant's Motion to Dismiss and the Court, having considered the record in this cause and being otherwise duly advised, it is

ORDERED AND ADJUDGED that said motion be and the same is hereby GRANTED and the above–styled cause is hereby DISMISSED for lack of standing to bring this action under 42 U.S.C. § 1437f(c)(1).

Plaintiffs sued to enjoin the proposed construction of Civil Towers, a high-rise, low–income elevator housing project, in their neighborhood. They contend it would constitute a violation of 42 U.S.C. § 1437f(c)(1) which states that the Secretary of Housing and Urban Development shall prohibit high–rise elevator projects for families with children unless there is no practical alternative. Plaintiffs say their impending injury would come in the form of "the forced intrusion of a type of housing, which has been characterized in terms of describing social cataclysm and total fabric breakdown," and the threat of a "vertical slum" in their neighborhood. Memorandum in Opposition to Motion to Dismiss at p. 4. Plaintiffs say their stake in the outcome of this case relates to their immediate neighborhood and their economic, social and personal welfare. *Id.* Plaintiffs assert a right to the same consideration given prospective tenants of the project as to safety, security and a liveable condition. *Id.* at 12–13.

5 U.S.C. § 702, the Administrative Procedure Act, provides for standing to challenge the actions of a government agency. In *Data Processing v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970), the Supreme Court further defined said standing to obtain judicial review under the Act as: 1) an allegation by Plaintiffs that they have in fact suffered injury as a result of the challenged action and 2) said injury affected a right which was "within the zone of interests to be protected or regulated" by the laws the agency allegedly violated. *Id.* at 152–53, 90 S.Ct. at 829. The Court finds that Plaintiffs meet neither requirement. They have not thus far been damaged and there is no guarantee that Civil Towers will become the "vertical slum" feared by Plaintiffs. Further, it is the opinion of this Court that § 1437f(c)(1) was intended to protect the interests of the families, especially the children, who will live in HUD projects and use their facilities; not the interests of those who reside in neighborhood surrounding said projects and will not be using the facilities. *See, e. g.,* 1968 U.S.Code Cong. and Admin.News, pp. 2873, 2903 (legislative history of 42 U.S.C. § 1415(11), the predecessor to § 1437f(c)(1): "It is the view of the Committee that high–rise, elevator structures provide an undesirable environment for family living . . . .") This does not indicate to the Court an intent to avoid the deterioration of neighborhoods, but instead to supply suitable surroundings in which these children can live.

Since Plaintiffs do not have an express statutory right to challenge HUD's preliminary approval here, the Court must determine whether they have an implied cause of action. In making that assessment, four criteria must be applied:

1) Is the Plaintiff "one of the class for whose *especial* benefit the statute was enacted," [citation omitted]–that is, does

**438**

the statute create a federal right in favor of the Plaintiff?

2) Is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?

3) Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the Plaintiff?

4) Is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975) (emphasis in original).

The Sixth Circuit found the purpose of the Housing Act to be "the elimination of substandard and other inadequate housing through the clearance of slums and blighted areas, and the realization as soon as feasible of the goal of a decent home and a suitable living environment for every American family." *M. B. Guran Co., Inc. v. City of Akron,* 546 F.2d 201, 204 (6th Cir. 1976); *see also City of Rohnert Park v. Harris,* 601 F.2d 1040 (9th Cir. 1979). This indicates an intent on the part of the legislature to create a remedy for prospective tenants of these projects; not for people who are already living in suitable homes, even if they do reside in the proposed neighborhood site.

A further basis for finding that Plaintiffs here do not have an implied right to sue can be found in the Sixth Circuit's observation that "insofar as the existence of a private cause of action would lead to numerous suits against the local authority, the construction of urban projects would be delayed and the underlying purposes of the legislative scheme would be thwarted." *Id.* at 205.