**Debbie SCHRADER, individually and on behalf of all those similarly situated, Plaintiffs,**

**v.**

**IDAHO DEPARTMENT OF HEALTH AND WELFARE; and Margaret Heckler, in her official capacity as Secretary of the United States Department of Health and Human Services, Defendants.**

**Civ. No. 83–3146.**

United States District Court, D. Idaho.

April 3, 1986.

Alan Wasserman, Idaho Legal Aid Services, Inc., Coeur d'Alene, Idaho, for plaintiffs.

Jim Jones, Atty. Gen., State of Idaho, Janice L. Kroeger, Deputy Atty. Gen., Dept. of Health and Welfare, Coeur d'Alene, Idaho, for defendant Idaho Dept. of Health and Welfare.

Maurice O. Ellsworth, U.S. Atty., D. Idaho, Jeffery W. Ring, Asst. U.S. Atty., Boise, Idaho, for defendant Heckler.

## OPINION AND ORDER

RYAN, District Judge.

On June 15, 1984, this court entered an order granting summary judgment in favor of the defendants and denying plaintiffs' Motion for Summary Judgment, 590 F.Supp. 554. Upon plaintiffs' motion, the court stayed this court's preliminary injunction entered January 23, 1984, pending appeal of this matter to the Ninth Circuit Court of Appeals. On August 15, 1985, an Opinion was filed by the Ninth Circuit Court of Appeals, 768 F.2d 1107, reversing this court's decision and remanding for proceedings consistent with its Opinion. Thereafter, the plaintiffs moved for an award of attorney's fees and briefs were submitted pursuant thereto.

Initially, the court notes that the briefs regarding attorney's fees expressed some confusion as to whether the entire state case or simply the issue of compliance with the state consent decree was removed to this court. The original Complaint was filed in state court on August 12, 1982. The consent decree and judgment was entered in March of 1983. Subsequent to that judgment in 1983, plaintiffs sought from the state court enforcement of the consent decree and injunctive relief from newly proposed regulations. At that point, the state court directed the parties to join the federal defendant. While the consent decree may have effectively closed the state action on the original complaint, when the State entertained a motion for preliminary injunction and for joinder, that court and this court subsequently considered that these motions were a continuation of the original action or as a new action based on the same complaint. The matter was not simply enforcement of the judgment. To this point, the parties, the court and the Ninth Circuit have treated this action as part and parcel of the original action in state court. Regardless of the lack of procedural niceties, this court considers this case to have been removed in toto. Therefore, plaintiffs' Complaint states causes of action arising under 42 U.S.C. § 1983, the

fourteenth amendment, and the Idaho Administrative Procedures Act.

## I. RELIEF SOUGHT BY PLAINTIFF

■ The Ninth Circuit's Opinion states that it is remanding this matter to this court to "consider the effect of the DRA amendments effective October 1, 1984 on the relief sought by Schrader." *Schrader v. Idaho Department of Health and Welfare,* 768 F.2d 1107, 1115 (9th Cir.1985). While the original Complaint prays for retroactive payment of wrongfully withheld benefits, this claim has neither been pursued nor addressed during the pendency of this action and appears to have been withdrawn. In fact, plaintiffs state in their memorandum in support of motion for attorney's fees that:

In the instant case, plaintiffs are clearly the prevailing party. They have achieved all the relief they sought: they sought to enjoin the enforcement of an AFDC regulation of the state defendant, and the Court of Appeals has now ruled that the state's regulation (and the federal policy that precipitated it) was indeed in violation of the Social Security Act.

Plaintiffs' Memorandum in Support of Attorney's Fees, filed Sept. 16, 1985, at 6. In any event, a retroactive monetary award of illegally withheld benefits is prohibited by the eleventh amendment of the Constitution. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *State of Oregon v. City of Rajneeshpuram,* 598 F.Supp. 1217 (D.Or.1984). The plaintiffs, then, are seeking final declaratory and injunctive relief.

With respect to the declaratory relief prayed for by the plaintiffs, the Ninth Circuit has declared that the Idaho regulation and the federal policy that precipitated it which the plaintiffs have attacked is in violation of the Social Security Act. This court hereby adopts the opinion of the Ninth Circuit and declares that the Idaho regulation is in violation of the Social Security Act.

Congress enacted the Deficit Reduction Act of 1984, P.L. 98–369, 98 Stat. 494, (DRA) which permitted the exclusion from countable resources:

for such period or periods of time as the Secretary may prescribe, real property which the family is making a good faith effort to dispose of, but any aid payable to the family for any such period shall be conditioned upon such disposal, and any payments of such aid for that period shall (at the time of the disposal), be considered overpayments to the extent that they would not have been made had the disposal occurred at the beginning of the period for which the payments of such aid were made.

42 U.S.C. § 602(a)(7)(B)(iii) (effective October 1, 1984). A conditional grace period provision was thus codified by the Act.

The plaintiff has requested that this court reinstate the Idaho regulation in force prior to November 1, 1983. The regulation in force prior to November 1, 1983, grants a potentially unlimited grace period without the conditions prescribed by the DRA. Therefore, the permanent injunction to be issued by this court may not simply reinstate the previous Idaho regulation and, instead, must require promulgation of a new regulation in conformance with the DRA. The court will herein make permanent its prior preliminary injunction and mandate compliance with the DRA.

## II. ATTORNEY'S FEES

Upon remand, the Ninth Circuit suggested that the appellants may move this court for an award of reasonable attorney's fees, including the services rendered on the appeal, pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 2412(d)(1)(A). The plaintiffs have filed a motion for attorney's fees pursuant to the statute sections mentioned above, as well as 28 U.S.C. § 2412(b). Plaintiffs seek an award in the amount of $13,335.00 for the services of Alan Wasserman (177.8 hrs. × $75.00) and $417.30 for the services of Kenneth Isserlis (6.42 hrs. × $65.00), totaling $13,752.30.

■ Title 42 U.S.C. § 1988 provides for a discretionary award of attorney's fees to the prevailing party in any action to en-

force a provision of Section 1983. As noted previously, plaintiffs have sought relief in this action pursuant to 42 U.S.C. § 1983. Initially, the court finds that the plaintiffs were the prevailing party in this action. The Ninth Circuit declared invalid the state regulations challenged by the plaintiffs. This court herein permanently enjoins defendants from employment of the invalid state regulations and mandates compliance with the DRA. Plaintiffs are the prevailing party. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Rutherford v. Pitchess,* 713 F.2d 1416 (9th Cir.1983).

Since this case includes a claim under Section 1983, attorney's fees may be awarded to the plaintiffs against the state defendant under Section 1988. *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Further, even though this action involves primarily a statutory, non-civil rights claim, the Supreme Court has specifically held that Section 1983 embraces such an action and Section 1988 is applicable. *State of Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). The Ninth Circuit has held that an award of attorney's fees is proper against a state based on a statutory non-civil rights claim. *Tongol v. Usery,* 601 F.2d 1091 (9th Cir. 1979).

■ Plaintiffs seek fees against the federal defendant under 42 U.S.C. § 1988 and 28 U.S.C. § 2412(b). Title 28 U.S.C. § 2412(b) provides that the United States shall be liable for fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. The parties agree that the federal government cannot be held liable for fees under Section 1988 via Section 2412(b) if the government's conduct was simply "analogous" to conduct that, had it been performed by a state official, would have made the state official liable under Section 1988. The Ninth Circuit has so held. *Lauritzen v. Lehman,* 736 F.2d 550 (9th Cir.1984). Plaintiffs argue, however, that the federal defendant is liable under Section 1988 via Section 2412(b) because the federal defendant acted in violation of Section 1983.

In order to make a claim that the federal defendant acted in violation of Section 1983, there must be a finding of state action by the federal government. In *Knights of the Ku Klux Klan v. East Baton Rouge Parish School Board,* 735 F.2d 895 (5th Cir.1984), the court summarized the analysis regarding a federal defendant's state acts:

Ordinarily, when federal officials conspire or act jointly with state officials to deny constitutional rights, "the state officials provide the requisite state action to make the entire conspiracy actionable under section 1983." *Hampton v. Hanrahan,* 600 F.2d 600, 623 (7th Cir.1979), *rev'd in part on other grounds,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980).

*Id.* at 900. *See Tongol v. Usery,* 575 F.Supp. 409 (N.D.Cal.1983), *rev'd on other grounds, sub nom., Tongol v. Donovan,* 762 F.2d 727 (9th Cir.1985); *Kletschka v. Driver,* 411 F.2d 436 (2d Cir.1969). The Ninth Circuit stated that the "HHS's policy does not comport with reality" and that "we are not persuaded that HHS's purported 1983 about-face position on grace periods has sufficient support in the language or legislative history of the 1981 OBRA amendments." *Schrader v. Idaho Department of Health and Welfare,* 768 F.2d at 1107, 1110–11 (9th Cir.1985). The court finds that the federal defendants' threats of defunding meet the requirements to find state action and a violation of Section 1983. Therefore, the federal defendant is subject to attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 2412(b).

■ Generally, an award of attorney's fees under Section 1988 is granted to the prevailing party unless "special circumstances" militate against the award. *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 63, 100 S.Ct. 2024, 2030, 64 L.Ed.2d 723 (1980); *Mayer v. Wedgewood Neighborhood Coalition,* 707 F.2d 1020, 1021 (9th Cir.1983). A showing of special cir-

cumstances is the burden of the non-moving party. *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34, 38 (2d Cir.1978). The federal defendant has claimed no special circumstances. However, the state defendant has argued that special circumstances exist. Essentially, the state defendant claims that it was a pawn, caught between plaintiff and the federal defendant, attempting to fairly and legally administer a state eligibility plan, with its numerous rules and regulations, and simultaneously attempting to get the approval of the federal defendant to receive funding. The state defendant's claim of being a pawn caught in the middle cannot be sustained to relieve the state defendant of its obligation to pay a share of the reasonable attorney's fees of the plaintiffs. The court in *Smith v. Puett*, 506 F.Supp. 134 (M.D.Tenn.1980), dealt with this precise point:

> The Court exercises its discretion in assessing attorney's fees to the State defendants as costs in the case. In its defense, DHS places responsibility for enforcement of the flawed policy at issue upon HEW. This responsibility is misplaced, however; DHS failed to seek a declaratory judgment, a remedy which could have been pursued by its salaried attorneys. DHS cannot now be heard to complain that free legal services are not provided it by the plaintiffs.

*Id.* at 146. Both the state and federal defendants have failed to sufficiently show special circumstances to warrant relief from an award of attorney's fees to the plaintiff.

Finding that an award against both the state and the federal defendants is proper under 42 U.S.C. § 1988 and 28 U.S.C. § 2412(b) renders it unnecessary for the court to consider plaintiffs' claims for attorney's fees under 28 U.S.C. § 2412(d).

In making determinations as to the proper amount of attorney's fees, the Ninth Circuit has delineated twelve factors which the court must consider. These factors were set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976):

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70. In *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830 (9th Cir.1982), the court noted with approval that many district courts have calculated a fee award by blending the "lodestar" analysis with the *Kerr* analysis. The "lodestar" analysis involves the calculation of a "lodestar" figure based on multiplying the number of hours expended by counsel times the prevailing billing rate for comparable legal services in the community. Generally, this blending is done by equating the hours-spent element of the "lodestar" approach with the time and labor required element of the *Kerr* approach, and then considering the other *Kerr* factors in setting the hourly rate. *Id.* at 840. The court must consider those factors called into question. *Rivera v. City of Riverside*, 679 F.2d 795 (9th Cir.1982).

■ The federal defendant has not called into question any of the *Kerr* factors; however, the federal defendant claims that the 22.1 hours spent by the plaintiffs prior to the federal defendant being joined on November 17, 1983, should not be included in an award against the federal defendant. The court is in agreement with the contention and will herein award attorney's fees for the first 22.1 hours spent by the plaintiffs solely against the state defendant.

■ The state defendant has called into question the reasonableness of certain documented hours spent and the applicable rate to be assigned to some of the doc-

umented hours spent by Alan Wasserman (*Kerr* factors 1 and 5). The state defendant contends that because, at various times, three attorneys and a legal intern were involved, some of the time spent was duplicative or unnecessary. Specifically, the state defendant challenges the plaintiffs' documentation of 6.7 hours regarding discussions with an attorney and a legal intern regarding researching and writing the appellant's brief, time spent on telephone calls for which there is no detailed explanation of their substance, 1.7 hours researching the removal issue, time spent drafting orders and a judgment for the state and federal courts, and 9.6 hours spent on addressing the attorney's fees issue. The court has reviewed the affidavits and the record and determines that these times spent were neither duplicitous, wasteful, nor unnecessary. The court finds that the hours expended by counsel are well-documented and represent a reasonable amount of time and labor required to prosecute an action of this nature.

 The state defendant further contends that the hours spent conferring with outside counsel, conferring with the legal intern, and traveling to and awaiting oral argument before the court of appeals should be billed at some rate lower than the claimed $75.00 per hour rate. The court finds that the rate of $75.00 per hour is well within the range of customary fees in the community for similar cases. That figure represents a balance between application of a higher rate for the more exacting work and time spent that might be billed at some lower rate. The court simply cannot assign a reasonable fee amount for each and every activity documented by a party. The court also finds that the 6.42 hours spent by Kenneth Isserlis were reasonable and necessary, and that $65.00 per hour is well within the range of customary fees for like services. The court also finds that the difficulty of the questions, the skill necessary for prosecution of this case, the preclusion of other employment, time limitations imposed, the experience of the attorneys involved and the undesirability of the case all militate in favor of finding both the hours claimed and the hourly rate requested to be reasonable. The court so finds.

As noted previously, the first 22.1 hours spent by the plaintiff will be charged solely to the state defendant. With respect to the remaining 155.7 hours at $75.00 and 6.42 hours at $65.00, totaling $12,094.80, the court has determined to apportion ten percent of the award against the state defendant and ninety percent of the award against the federal defendant. The federal defendant, through its policies and mandates, was a moving force in the promulgation of the state regulations declared invalid in this case. *See Knights of the Ku Klux Klan v. East Baton Rouge Parish School Board,* 735 F.2d 895 (5th Cir.1984). Therefore, an award of attorney's fees against the state defendant will be entered in the amount of $2,867.00 (22.1 hours times $75 = $1,657.50, and $12,094.80 times 10 percent = $1,209.48, rounded). Attorney's fees will be awarded against the federal defendant in the amount of $10,885.30 ($12,094.80 times 90 percent, rounded).

### ORDER

Based upon the foregoing and the court being fully advised in the premises,

IT IS THEREFORE ORDERED that the Defendants United States Department of Health and Human Services and Margaret Heckler, in her official capacity as Secretary of the United States Department of Health and Human Services, and those persons in active concert or participation with them, are hereby PERMANENTLY ENJOINED from requiring as a condition precedent to the State of Idaho's eligibility to participate in the federally financed AFDC program, the State's implementation of eligibility regulations which would prohibit a "grace period" when determining whether a given non-liquid, non-available resource may be counted when determining whether an applicant or recipient owns resources which exceed the resource limitation set forth by 42 U.S.C. § 602(a)(7)(B). Rather, the Secretary and the United States Department of Health and Human Services must require the Idaho Depart-

ment of Health and Welfare, as a condition precedent to Idaho's eligibility for participation in the AFDC program, to implement eligibility regulations consistent with 42 U.S.C. § 602(a)(7)(B)(iii).

IT IS FURTHER ORDERED that the Idaho Department of Health and Welfare, and those in active concert or participation with it, are PERMANENTLY ENJOINED from implementing eligibility regulations which fail to provide for exclusion from countable resources real property which the family is making a good faith effort to dispose of, consistent with 42 U.S.C. § 602(a)(7)(B)(iii).

IT IS FURTHER ORDERED that plaintiffs' motion for an award of attorney's fees against the state and federal defendants should be, and is hereby, GRANTED. The Idaho Department of Health and Welfare shall pay to plaintiffs attorney's fees in the amount of $2,867.00. The United States Department of Health and Human Services shall pay attorney's fees to the plaintiffs in the amount of $10,885.30.