73 F.3d 369
 77 A.F.T.R.2d 96-359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Helen LISLE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-17197.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Helen Lisle appeals pro se the district court's summary judgment for the United States in Lisle's action seeking a tax refund of her federal income taxes for the years 1979 through 1985. Lisle claims that the Commissioner of Internal Revenue's (the "CIR") deficiency determinations for the years at issue were invalid because the CIR failed to determine whether Lisle was a citizen, resident alien, or nonresident alien and whether the source of Lisle's income was derived from within the United States. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 Lisle contends that the district court erred by dismissing her complaint under Fed.R.Civ.P. 12(c) because the district court relied on evidence outside the pleadings. Lisle argues that because the district court relied on such evidence, she was entitled to notice from the court before it granted, in effect, summary judgment for the government. We disagree.
 
 
 4
 "A motion under Federal Rule of Civil Procedure 12(b)(6) or 12(c) may be treated as a motion for summary judgment only if the court affords all parties reasonable notice." Mayer v. Wedgewood Neighborhood Coalition, 707 F.2d 1020, 1021 (9th Cir.1983) (per curiam). "In evaluating the adequacy of notice, this circuit has determined from the record whether the party against whom summary judgment was entered was fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment." Id. (internal quotations omitted).
 
 
 5
 Here, the district court treated the government's motion to dismiss as a Rule 12(c) motion because the government's motion under Rule 12(b)(6) was untimely. Because the district court relied on evidence outside the pleadings, however, the motion was more properly treated as a motion for summary judgment under Fed.R.Civ.P. 56. See id.
 
 
 6
 Nonetheless, we reject Lisle's contention that the district court erred by granting summary judgment for the government. A review of the record indicates that Lisle was fairly apprised that the court might look beyond the pleadings because the government moved for summary judgment in the alternative.[1] See id.
 
 
 7
 Lisle also contends that the district court erred by failing to exclude evidence offered by the government in support of its motion for summary judgment because such evidence was not properly authenticated. This contention has merit.
 
 
 8
 It is well-established that "unauthenticated documents cannot be considered on a motion for summary judgment." Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir.1987). "In order to be considered by the court, documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and that affiant must be a person through whom the exhibits could be admitted into evidence." Id. (internal quotations omitted). Where the moving party fails to lay a proper foundation to authenticate documents in support of its motion, the court cannot rely on the documents. See id.
 
 
 9
 Here, in support of its motion for summary judgment, the government sought to admit documents from Lisle's IRS administrative file. The documents were attached to the declaration of Thomas Carlucci, the Assistant United States Attorney appearing of record for the government in this case. In his declaration, Carlucci stated that he possessed Lisle's IRS administrative file and that the documents he attached to his declaration as exhibits were copies from this file.
 
 
 10
 Although Lisle did not dispute the authenticity of these documents, most of the documents were inadmissible because Carlucci is not "a person through whom the exhibits could be admitted into evidence." Id. Thus, the district court erred to the extent that it relied on documents that Carlucci could not authenticate. See id.
 
 
 11
 Lisle's administrative file also contained, however, certified copies of certificates of assessment for the tax years 1979-1985. Certified copies of certificates of assessment are self-authenticating under Fed.R.Evid. 902(1). See Hughes v. United States, 953 F.2d 531, 540 (9th Cir.1992). Moreover, Lisle attached the certificate of assessments to her declaration which she filed in support of her motion for summary judgment. Accordingly, the certified copies of the certificate of assessments may be considered by the court. See id.
 
 
 12
 Certificates of assessment are "probative evidence ... which, in the absence of contrary evidence, are sufficient to establish that notices and assessments were properly made." Id. Here, the certificates of assessment established a presumption that the CIR properly assessed deficiencies against Lisle for the tax years 1979-1985. See id.
 
 
 13
 Lisle produced no evidence to establish a genuine issue of material fact as to the validity of the assessments. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hughes, 953 F.2d at 540. Instead, Lisle merely asserted that the CIR failed to establish that Lisle was a citizen, resident alien, or nonresident alien or that her income was derived from a source within the United States. Lisle failed to allege in her complaint or state in her declaration, however, that she was not a citizen, resident alien, or nonresident alien. Nor did she aver that her income was derived from a nontaxable source outside the United States. Accordingly, Lisle failed to discharge her burden under Rule 56.[2] See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hughes, 953 F.2d at 540.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thus, Lisle's reliance on Mayer is inapposite because the moving party in that case only moved to dismiss under Fed.R.Civ.P. 12(b)(6) and (c). See Mayer, 707 F.2d at 1021
 
 
 [2]
 Because we only consider the certificates of assessment in resolving this appeal, we need not address Lisle's contention that the district court erred by failing to exclude the government's evidence under Fed.R.Civ.P. 26(a)(1) and 37(c)(1)