**John SILK Plaintiff,**

v.

**METROPOLITAN LIFE INSURANCE CO., et al. Defendants.**

**No. CV04–9782 AHS(SHX).**

United States District Court, C.D. California, Southern Division.

Feb. 20, 2007.

Glenn R. Kantor, Lisa S. Kantor, Kantor & Kantor, Northridge, CA, for Plaintiff.

Eric R. McDonough, Julie I. LaRoe, Seyfarth Shaw, Los Angeles, CA, for Defendants.

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); AND (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

STOTLER, Chief Judge.

## I.

### PROCEDURAL BACKGROUND

On August 8, 2006, defendants filed a Motion to Dismiss Complaint Pursuant to

Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). On August 18, 2006, plaintiff filed a Motion for Summary Judgment. On August 28, 2006, plaintiff filed opposition to defendants' Motion to Dismiss, which incorporated by reference the papers filed in support of plaintiff's Motion for Summary Judgment. On August 29, 2006, defendants filed opposition to plaintiff's Motion for Summary Judgment. On September 1, 2006, plaintiff filed a reply in support of the Motion for Summary Judgment. On September 5, 2006, defendants filed a reply in support of the Motion to Dismiss which incorporated by reference the papers filed in opposition to plaintiff's Motion for Summary Judgment. The Court took the above-captioned matters under submission on October 23, 2006.

Having read and considered the arguments and authorities raised in the parties' papers, the Court grants defendants' Motion to Dismiss and denies without prejudice plaintiff's Motion for Summary Judgment.

## II.

### SUMMARY OF PARTIES' CONTENTIONS

Defendants contend that plaintiff's claims are moot or premature and should therefore be dismissed. To the extent plaintiff seeks Long Term Disability ("LTD") benefits through February 22, 2006, the end of the "own occupation" period, plaintiff's claim for LTD benefits has been approved and paid with interest. To the extent plaintiff seeks LTD benefits from February 23, 2006 to the present, the "any occupation" period, plaintiff has failed to exhaust his administrative remedies. At this point, Metropolitan Life Insurance Company ("MetLife") has neither approved nor denied plaintiff's LTD "any occupation" benefits claim.

Plaintiff argues defendants improperly failed to process his claim for LTD benefits, submitted an incomplete administrative record, and delayed payment under the "own occupation" LTD benefit period for over two years. Given defendants' inappropriate conduct, the Court should not allow defendants to consider plaintiff's benefits for the "any occupation" LTD benefit period. Plaintiff proceeds on the basis that the failure to make a decision on LTD benefits constitutes a denial. The Court should award plaintiff the past benefits due through the date of judgment, reinstate plaintiff's benefits and rights under the benefits plan, and allow plaintiff to file a motion for attorney's fees.

## III.

### LEGAL STANDARD

Defendants base their Motion to Dismiss on Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion must be made before the responsive pleading. See Fed.R.Civ.P. 12(b)(6); Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir.2004) (holding that the district court should have considered a motion to dismiss brought after an answer under Federal Rule of Civil Procedure 12(c) or 12(h)(2)). Defendant MetLife filed its Answer on February 4, 2005, and the remaining defendants filed their Answer on March 9, 2005. Therefore, because defendants brought their Motion to Dismiss after filing their Answers, the Court will treat the Motion to Dismiss as a motion for judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2).

Defendants ask the Court to consider several documents attached to the Motion to Dismiss, including: (1) the applicable insurance plan documents; (2) plaintiff's September 8, 2005 application for LTD benefits and supporting application forms;

(3) MetLife's May 15, 2006 letter approving LTD benefits from February 23, 2004 through December 31, 2004; (4) MetLife's July 19, 2006 letter approving LTD benefits through February 22, 2006; and (5) MetLife's letters to plaintiff enclosing payment with interest on LTD benefits. (*See* "Declaration of Eric R. McDonough in Support of Defendants' Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)" ("McDonough Decl."), ¶¶ 1–4, Exs. A–D.)

Where a defendant attaches extrinsic evidence to a motion for judgment on the pleadings, the court generally must convert that motion into one for summary judgment. *See* Fed.R.Civ.P. 12(c); *Olsen v. Idaho State Board of Medicine*, 363 F.3d 916, 922 (9th Cir.2004) (citing to Rule 12(c) for the proposition that when matters outside the pleadings are presented, the motion shall be treated as one for summary judgment in the context of a motion to dismiss); *Mayer v. Wedgewood Neighborhood Coalition*, 707 F.2d 1020, 1021 (9th Cir.1983). When the court converts a motion for judgment on the pleadings into a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(c); *see also Mayer*, 707 F.2d at 1021.

The fact that defendants submitted documentary evidence would normally require the Court to provide the parties with additional time to respond before considering those materials, but, in this case, notice to the parties has already been provided. In the Motion to Dismiss, defendants alternatively ask the Court to convert the Motion to Dismiss into a motion for summary judgment, thereby putting plaintiff on notice of the possible conversion of the motion to dismiss into one of summary judgment. After defendants filed the Motion to Dismiss, plaintiff filed opposition, incorporating by reference his Motion for Summary Judgment, and either referenced or

attached identical documentary evidence as exhibits. *See Hotel St. George Associates v. Morgenstern*, 819 F.Supp. 310, 317 (S.D.N.Y.1993) (stating that where plaintiff and defendants submitted materials outside the pleadings for the court's consideration, the facts put plaintiff on notice of conversion); *see also Olsen*, 363 F.3d at 922 (affirming decision to treat motion to dismiss as motion for summary judgment where appellant included the extraneous material in her opposition to the appellees' motions to dismiss). These factors support the Court's conclusion that the parties have been afforded reasonable notice and will not be prejudiced by the conversion of the motion into one for summary judgment. Accordingly, the Court converts defendants' Motion to Dismiss into a motion for summary judgment.

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court is entitled to rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.1996).

## IV.

### DISCUSSION

The Employee Retirement Income Security Act ("ERISA") governs the administration of employer-provided benefit plans. *See Metropolitan Life Ins. Co. v. Parker*, 436 F.3d 1109, 1111 (9th Cir.2006). Under an ERISA plan, the plan administrator is charged with the duty to adminis-

ter plan benefits " 'in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent [with ERISA].' " *Metropolitan Life Ins.*, 436 F.3d at 1113 (quoting 29 U.S.C. § 1104(a)(1)(D)).

Generally, an individual making a claim under ERISA must "avail himself or herself of the plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agricultural Employee Welfare Benefit Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir.1995) (upholding summary judgment for defendant where plaintiff failed to exhaust internal plan administrative remedies). Federal courts " 'have the authority to enforce the exhaustion requirement in suits under ERISA, and [ ] as a matter of sound policy they usually do.' " *Id.* (quoting *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir.1980)).

The Verizon Wireless Managed Disability Plan (the "Plan") provides for LTD benefits. (McDonough Decl., Ex. A, at MET000205, MET000218.) The Plan also provides administrative remedies for the denial of a LTD claim. (*Id.*, Ex. A, at MET000180, MET000235.) In the event the claimant wishes to appeal an initial determination of benefits, the Plan requires that the claimant exhaust the Plan's appeal procedures before filing suit in federal court. (*Id.*, Ex. A, at MET000180.)

Here, plaintiff submitted his LTD claim on September 8, 2005, after he filed the Complaint. (*Id.*, Ex. A, at MET000273–276.) MetLife approved plaintiff's LTD claim through February 22, 2006, the "own occupation" period. (*Id.*, Ex. B.) MetLife advised plaintiff that it needed more information to determine plaintiff's LTD benefits beyond February 22, 2006, the "any occupation" period. (*Id.*) Plaintiff does not contest that MetLife has not yet approved or denied his claim for LTD benefits for the "any occupation" period. (Plaintiff's Motion for Summary Judgment, at 8.) To the extent MetLife's failure to decide the claim renders the claim effectively denied, plaintiff does not show that he exhausted the Plan's administrative remedies before instituting this litigation. *See Diaz*, 50 F.3d at 1483 (9th Cir.1995).

In light of defendants' approval of "own occupation" LTD benefits and submission of payment thereon, no triable issues of material fact remain as to plaintiff's causes of action based on "own occupation" LTD benefits. As defendants have made no final decision on plaintiff's eligibility for continued LTD benefits for the "any occupation" period, plaintiff fails to state cognizable claims against defendants for any purported denial of LTD benefits. To the extent MetLife's failure to decide the claim is effectively a denial of plaintiff's claim, plaintiff must first exhaust any administrative remedies available to him under the Plan.

Plaintiff's contention that he has no obligation to submit medical records is not well taken. Defendants have requested medical information to aid in the determination of whether to approve or deny plaintiff's claim and it is plaintiff's responsibility to furnish such information. *See Jordan v. Northrop Grumman Corp. Welfare*, 63 F.Supp.2d 1145, 1150 n. 2 (C.D.Cal.1999) (stating that the plan administrator does not have a duty to seek out evidence not before him). MetLife has requested additional medical information from plaintiff. Furthermore, as defendants contend, the cases cited by plaintiff involve a denial of claim benefits. Here, MetLife has not yet denied plaintiff's LTD claim for the "any occupation" benefits period.

As such, plaintiff fails to state a claim upon which relief can be granted and the Court grants defendants' Motion to Dismiss. The Court further denies without

prejudice plaintiff's Motion for Summary Judgment.

## V.

### *CONCLUSION*

For the reasons stated above, the Court grants defendants' Motion to Dismiss and denies without prejudice plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel for all parties in this action.