**Orvin C. STANWOOD,**
**Plaintiff-Appellant,**

v.

**Ralph GREEN, et al.,**
**Defendants-Appellees.**

**No. 83–4017.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 4, 1984.

Decided Oct. 5, 1984.

Jerome E. LaBarre, Portland, Or., for plaintiff-appellant.

I. Franklin Hunsaker, III, Ronald E. Bailey, Bullivant, Houser, Bailey, Pendergrass, Hoffman, O'Connell & Goyak, Portland, Or., for defendants-appellees.

Before GOODWIN and SCHROEDER, Circuit Judges, and JAMESON,* District Judge.

PER CURIAM:

This appeal involves attorney's fees in long-running litigation under 42 U.S.C. § 1983 over conditions in the Coos County Jail. For attorney's fees to be awarded under section 1988, the underlying suit must have been "pending" on October 19, 1976, the effective date of the attorney's fees statute. *Hutto v. Finney,* 437 U.S. 678, 694 n. 23, 98 S.Ct. 2565, 2575 n. 23, 57 L.Ed.2d 522 (1978). The district court, in a published opinion, held that it was not. *Stanwood v. Green,* 559 F.Supp. 196, 198–200 (D.Or.1983). We affirm because on the date the Act became effective, the court had resolved all substantive claims before it.

This lawsuit was originally filed in 1972, and a consent decree was signed in August 1976. The case thereafter, insofar as court activity was concerned, remained dormant until 1981, when, because of changed conditions due to contemplated jail renovation, plaintiffs moved for a contempt order. This prompted a negotiated settlement, and the court entered an amended decree in 1982.

The district court's award of attorney's fees in connection with the 1982 decree took into account all hours claimed by plaintiff's counsel from the time that section 1988 became effective. The court declined, however, to award fees for work done prior to that time, and prior to entry of the 1976 consent decree, on the ground that, after that decree was entered, and before the renewal of activity in 1981, the lawsuit was no longer "pending." The district court, noting that the entire area of attorney's fees involves great district court discretion, stressed the lack of court activity in this case both at the time of the Act's effective date and in the four and one-half years that followed.

Plaintiff's counsel argued that the case was literally still "pending" at the time of the Act's effective date because the defendant had not yet complied with the consent decree. In response, the district court correctly observed that the case in this respect differed little from any other case in which final injunctive relief had been ordered. *Stanwood,* 559 F.Supp. at 199. Any decree carries with it the potential for further proceedings. *Wheeler v. Durham City Board of Education,* 585 F.2d 618, 622–23 (4th Cir.1978). It is another matter, of course, when a court is actively resolving disputes which have arisen in connection with its remedial order. *Gautreaux v. Chicago Housing Authority,* 690 F.2d 601 (7th Cir.1982), *cert. denied,* — U.S. —, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983). Here, however, the district court had engaged in no such activity and had no expectation of any ongoing role once it issued the decree in August 1976. Close to half a decade of dormancy bears this out.

The district court followed, and we adopt, the approach taken by other circuits which have looked to see whether there was, at the time of the Act's effective date, any substantive claim to be resolved. *Gautreaux,* 690 F.2d 601; *Robinson v. Kimbrough,* 652 F.2d 458 (5th Cir.1981); *David v. Travisono,* 621 F.2d 464 (1st Cir.1980);

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

*Northcross v. Board of Education,* 611 F.2d 624 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980); *Wheeler,* 585 F.2d 618. A substantive claim, as defined by the Seventh Circuit, is one "upon which a district court has not acted, either in the first instance or on remand, or a substantive claim whose disposition by the district court, or the Court of Appeals, either is on appeal or is appealable." *Gautreaux,* 690 F.2d at 604 (quoting *Peacock v. Drew Municipal Separate School District,* 433 F.Supp. 1072, 1075 (N.D.Miss.1977), *aff'd sub nom. Andrews v. Drew Municipal Separate School District,* 611 F.2d 1160 (5th Cir.1980) (per curiam)). In this case there was no unresolved substantive claim. Plaintiffs have not shown that the district court's refusal to award attorney's fees from the onset of litigation in 1972 was either an abuse of discretion or the product of a misreading of section 1988.

We therefore affirm.