931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Herman HASTINGS, Plaintiff-Appellee-,Cross-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF PAINTERS & ALLIED TRADES LOCAL
# 807, Defendant-Appellant-,Cross-Appellee.
 Nos. 89-6156, 89-6174 and 89-6208.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 These appeals arise from an action plaintiff Herman Hastings filed against defendant International Brotherhood of Painters & Allied Trades Local No. 807 (Union) pursuant to 42 U.S.C. Sec. 1981. In his complaint, Mr. Hastings alleged Union racially discriminated against him in failing to refer him to jobs within his trade. Following a jury trial, judgment in the amount of one dollar was entered in favor of Mr. Hastings. The district court also entered orders granting equitable relief and attorney's fees. Mr. Hastings appeals the damage award. Union appeals the verdict and the entry of attorney's fees. We affirm the district court in all respects.
 
 Facts
 
 3
 Herman Hastings is a member of the International Brotherhood of Painters & Allied Trades in Oklahoma City, Oklahoma. He is a painter and paperhanger. He has been a union member for many years, although not continuously. At the present time, Mr. Hastings is one of two black union members. Union membership totals approximately 125 today, down from a high of over 300 in 1984. Union attributes the loss of members to a downturn in the local economy.
 
 
 4
 As part of its services to members, Union refers painters and paperhangers to outside contractors requesting workers. From October 1986 through November 1987, Mr. Hastings did not receive any work referrals from the union. Testimony at trial indicated white members did receive referrals during this time period. Mr. Hastings filed this lawsuit alleging the failure to provide him with referrals constituted a violation of section 1981.[1]
 
 
 5
 In its defense, Union argued that the downturn of the Oklahoma economy in the mid-1980s, combined with an unsuccessful union strike in 1985, caused a drastic reduction in the number of jobs available in the local economy. As a result, there were less union contracts, and, consequently, less referrals. In addition, Mr. Hastings was fired from a job after his employer alleged he was leaving work early. The employer told Union he would not be rehired. That contract was a main source of employment for union members in 1986-1987.
 
 
 6
 In this appeal, Union raises four principal arguments: 1) that the district court lacked subject matter jurisdiction, 2) that the court erred in not granting directed verdict and judgment notwithstanding the verdict motions, 3) that the court erred in allowing two former black union members to testify, and, finally, 4) Union objects to the court's award of attorney's fees. In his appeal, Mr. Hastings asserts the court inappropriately allowed evidence of mitigation of damages. We will address these arguments in turn.
 
 Discussion
 A. Hastings Appeal
 
 7
 During trial, the court allowed testimony regarding the efforts of other union members to obtain work outside the union during the economic downturn. Rec.Vol. II at 262-63. The court also allowed counsel to question Hastings regarding his efforts to obtain work outside the union. Rec.Vol. I at 53-54. Hastings objected, asserting this testimony went to mitigation of damages, a defense which Union never raised. Id. The district court overruled Hastings' objections, finding this evidence had independent relevance going to the general state of business opportunities in the area during 1986 and 1987. Id. The court found the evidence relevant to Union's defenses.
 
 
 8
 We review the district court's admission of this evidence under an abuse of discretion standard. United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988). Using this standard, we must generally defer to the district court's judgment because that court has the greatest opportunity to view the evidence and assess its probative value. United States v. Ortiz, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986). A trial court decision should not be disturbed unless this court has a "definite and firm conviction" that a mistake was made. Id. We agree with the district court that this evidence has independent relevance and find no abuse of discretion.
 
 
 9
 Hastings further urges that even if the evidence is relevant, its relevance is outweighed by prejudice to the plaintiff. Rule 403 of the rules of evidence states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Rule 403 balancing is a task best left to the trial judge. Agristor Leasing v. Meuli, 865 F.2d 1150, 1152 (10th Cir.1988). Union's main defense in this case was that the economy, rather than any discrimination, caused a lack of work. Evidence regarding the state of business opportunities in Oklahoma City is directly relevant to that defense. The district court did not abuse its discretion in admitting this evidence.
 
 B. Union Appeal
 1. Subject matter jurisdiction
 
 10
 As a threshold matter, we must consider Union's argument that the district court lacked subject matter jurisdiction to hear this case. Although not argued previously, this issue may be raised at any point in the proceedings. See McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1252 (10th Cir.1988).
 
 
 11
 Union asserts the issues raised in this lawsuit fall within the exclusive jurisdiction of the National Labor Relations Act (NLRA) and, therefore, may not be brought in federal district court in the first instance. Instead, Union argues plaintiff's action should have been pursued in accord with the remedies provided in the NLRA. We disagree.
 
 
 12
 Hastings' action is founded on a federal civil rights statute. It was not raised as a claim under the union contract. See id. at 1253 ("Under the [Railway Labor Act], while the courts have no jurisdiction to hear airline employee claims based solely upon the contract, the courts do have jurisdiction over claims based upon federal statutes."). Further, the language in the complaint does not describe a cause of action which arguably falls under the NLRA. Rather, Hastings' claim only alleges violations based on section 1981. Therefore, the NLRA does not preempt jurisdiction in the federal courts.
 
 
 13
 2. Sufficiency of the evidence to deny directed verdict and JNOV motions
 
 
 14
 " 'Motions for a directed verdict and for judgment n.o.v. are considered under the same standard.' " Zimmerman v. First Fed. Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.1988) (quoting Hurd v. American Hoist & Derrick Co., 734 F.2d 495, 498 (10th Cir.1984)). These motions may be granted only if the evidence points one way and is susceptible to no reasonable inferences supporting the party opposing the motion. Id. Our review is de novo. See Guilfoyle ex rel. Wild v. Missouri, Kan. & Tex.R.R., 812 F.2d 1290, 1292 (10th Cir.1987). Here, the district court appropriately denied these motions.
 
 
 15
 This case involved conflicting evidence requiring jury interpretation. We have reviewed the record and hold, contrary to Union's assertions, that there is sufficient evidence in the record to support the jury's verdict. Although the evidence Union submitted contradicted much of the evidence Hastings introduced, determinations regarding the credibility of that evidence were for the jury. We will not disturb its verdict. Consequently, we affirm the trial court's denial of defendant's motions for directed verdict and judgment notwithstanding the verdict.
 
 3. Testimony of former union members
 
 16
 At trial, two former black union members, Clarence Dukes and Wilson Willis, were allowed to testify. Neither was a member during the time period relevant to this lawsuit. Clarence Dukes left the union in 1983. Wilson Willis left in 1979. However, both testified that they did not receive as many referrals as white members of the union during the time they belonged. Rec. Vol. II at 217-20, 231. Union objected to allowing these two witnesses to testify. The court overruled this objection.[2] We review the court's decision to allow this testimony under an abuse of discretion standard. See Alexander, 849 F.2d at 1301.
 
 
 17
 Union's main objection to this testimony is that it was too remote in time to have any relevance regarding events occurring in 1986 and 1987. The district court ruled that the testimony was relevant to the union's past history and practice of alleged discrimination. We agree. Moreover, the parties agreed that Union's past history was relevant. Although presented with the opportunity to do so, Union did not object to a proposed jury instruction describing this element of Hastings' claim. There is no abuse of discretion.
 
 
 18
 Union also urges that there may have been a violation of the court's witness sequestration order because counsel for Union allegedly saw Mr. Hastings, Mr. Willis, and Mr. Dukes talking in the hall during a court recess. The court indicated counsel could cross-examine the witnesses on this issue but counsel declined to do so. There is no other evidence that this conversation occurred or that it involved discussion of court proceedings. We hold the court did not abuse its discretion in allowing this testimony.
 
 4. Attorney's fees
 
 19
 "An award of attorney's fees is within the discretion of the district court, who is in a better position than an appellate court to determine the amount of effort expended and the value of the attorney's services." Starrett v. Wadley, 876 F.2d 808, 825 (10th Cir.1989). Section 1988 of title 42 specifically gives district courts discretion to award attorney's fees to the "prevailing party" in a civil rights action. On appeal, Union argues the district court erred in granting fees because the amount of the award will cause great financial hardship and because the fees are disproportionate to the monetary damages awarded. We hold the district court did not abuse its discretion in awarding Hastings $12,000.00 in fees.
 
 
 20
 Union does not object to the method the district court used in calculating the fees. Rather, it argues that the overall amount is unfairly disproportionate to the nominal verdict which the jury returned. However, the nominal amount of the damages, standing alone, is insufficient to reduce or eliminate attorney's fees under section 1988. See Nephew v. City of Aurora ex rel. Its Mayor & City Council, 830 F.2d 1547, 1548-50 (10th Cir.1987). Although proportionality is one factor which courts should consider in determining the amount of attorney's fees, the Supreme Court has rejected the proposition that fee awards be directly proportionate to the amount of damages awarded in civil rights cases. City of Riverside v. Rivera, 477 U.S. 561, 574 (1986). In this case, plaintiff sought and obtained extensive equitable relief in addition to the nominal damages award. We will not disturb the district court's discretionary decision to award these fees based on Hastings' overall success in this litigation.
 
 
 21
 Union's argument that financial hardship is cause for disallowing fees must also fail. The financial condition of the defendant should not be employed to reduce an otherwise appropriate award of attorney's fees. Stanwood v. Green, 559 F.Supp. 196, 200-01 (D.Or.1983), aff'd, 744 F.2d 714 (9th Cir.1984). Ability to pay should be given substantial weight only in those cases where there is extreme and proven hardship present. Vulcan Soc. of Westchester County, Inc. v. Fire Dep't of City of White Plains, 533 F.Supp. 1054, 1060 (S.D.N.Y.1982). Union has not shown the district court abused its discretion in failing to reduce or eliminate these fees based on financial hardship. Consequently, we affirm the district court.
 
 
 22
 The judgments of the United States District Court for the Western District of Oklahoma are AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 42 U.S.C. Sec. 1981 states:
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
 
 
 [2]
 Hastings asserts Union did not preserve this issue on appeal because counsel withdrew his objection to the testimony of these witnesses. This is not clear from the record. The trial transcript indicates counsel did not waive Union's objection to the testimony in its entirety. Rather, Union withdrew an objection to a specific part of the testimony after the court ruled the two men could testify. Therefore, we will treat this issue as one preserved on appeal